United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK GLEN GOODWIN,<br><br>   Plaintiff,<br><br>   v.<br><br>A. GOMEZ, et al.,<br><br>   Defendants. | Case No. 24-cv-06645 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 in the Eastern District of California for unconstitutional acts that took place at the Salinas Valley State Prison ("SVSP") where he is currently incarcerated. Dkt. No. 1. This matter was transferred to the Northern District of California on September 23, 2024. Dkt. No. 6. This matter was reassigned to the Undersigned on January 30, 2025. Dkt. Nos. 9, 10. Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order. Dkt. No. 2.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff alleges that when he returned to his housing unit from a medical appointment on November 27, 2023, he was ordered by Defendant A. Hidalgo to go inside a "non-power/ad-seg cell, despite plaintiff not being an ad-seg inmate." Dkt. No. 1 at 11. Over Plaintiff's objections, Defendant Hidalgo stated that she "didn't care what kind of cell it was. Your [*sic*] going in there." *Id.* Plaintiff, who was sitting in his "ADA mobility walker," then began to experience "medical problems," including rising blood pressure, which caused him to "go into an emergency medical state." *Id.* He alleges that he lost temporary consciousness. *Id.* Then in a semi-conscious state, Plaintiff became aware of Defendant L. Hernandez, at Defendant Hidalgo's request, placing Plaintiff in waist chain restraints which were "excessively tight." *Id.* Plaintiff informed Defendant Hidalgo and other Defendants who were present that he was "not feeling good," "feeling light-headed," and that he was "going to pass out." *Id.* at 12. Plaintiff alleges that Defendants Hidalgo, R. Carrillo, M. Brito, L. Hernandez, R. Morones, E. Gonzalez, and A. Gomez were present and heard his complaints but failed to take action. *Id.* When Defendants began to raise him out of his walker, Plaintiff nearly passed out, which caused Defendant Hernandez to "snatch" at Plaintiff's shirt, at which point Defendants Brito and Gomez "without warning or provocation slam[med] Plaintiff's face into the ground." *Id.* Plaintiff alleges that "other

2

defendants that [he] could not see" also began to push his face into the ground "while other defendants were hitting me in various parts of my body repeat[ed]ly." *Id.* Plaintiff claims he sustained multiple injuries to his face and body, including abrasions and cuts. *Id.* Plaintiff alleges that Defendants J. Rodriguez, G. Gonzalez, J. Perez, B. Rosiles, V. Mora, R. Ruiz, R. Reyes, A. Martinez, and R. Maciel "idly stood by and failed their duty to intervene and stop the excessive force." *Id.* at 14. Plaintiff also claims that Defendant Sembijwe, a "health authority personnel," refused to correctly record all his injuries. *Id.* at 12-13. Plaintiff claims that there exist two separate medical evaluation reports occurring hours apart, the first omitting injuries and the second "show[ing] also a lack of complete transparency." *Id.* at 12-13. Plaintiff claims Defendant Sembijwe's actions amount to deliberate indifference. *Id.* at 13.

The allegations are sufficient to state an excessive force claim and a failure to protect claim against the sixteen named correctional officers. *See Hudson v. McMillian,* 503 U.S. 1, 6 (1992); *Robins v. Meecham,* 60 F.3d 1436, 1442 (9th Cir. 1995).

However, Plaintiff's claim of deliberate indifference against Defendant Sembijwe is insufficient. Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin*, 974 F.2d at 1059 (citing *Estelle*, 429 U.S. at 104). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*,

3

511 U.S. 825, 837 (1994).  The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference."  *Id.*  If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.  *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

Here, Plaintiff's allegation that he suffered abrasions and cuts does not establish that he had a serious medical need.  Rather, a "serious" medical need would exist if the failure to treat his condition resulted in further significant injury or the "unnecessary and wanton infliction of pain."  *McGuckin*, 974 F.2d at 1059.  Furthermore, even assuming that Defendant Sembijwe's report of Plaintiff's injuries was deficient, there is no allegation that Defendant knew Plaintiff faced a substantial risk of serious harm if he failed to accurately record the injuries and disregarded that risk.  Plaintiff shall be granted leave to amend to attempt to correct the deficiencies of this deliberate indifference claim if he can do so in good faith.

Plaintiff should keep the following principles in mind in preparing an amended complaint.  Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  *See Leer*, 844 F.2d at 633.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. The deliberate indifference claim against Defendant Sembijwe is

4

**DISMISSED with leave to amend**. Within **twenty-eight (28) days** from the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint to correct the deficiencies described above. The amended complaint must include the caption and civil case number used in this order, *i.e.*, Case No. C 24-cv-06654 BLF (PR), and the words "FIRST AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form in order for the action to proceed. Plaintiff is reminded that the amended complaint supersedes the original complaint, and Plaintiff may not make references to the original. Claims not included in the amended complaint are no longer claims and defendants not named therein are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

2. **Failure to respond in accordance with this order by filing an amended complaint in the time provided will result in the dismissal with prejudice of the deliberate indifference claim against Defendant Sembijwe for failure to state a claim for relief. This matter will then proceed on the excessive force and failure to protect claims against the other Defendants.**

3. The Clerk shall enclose two copies of the court's form complaint with a copy of this order.

**IT IS SO ORDERED.**

Dated: _February 11, 2025__

*[signature]*
BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\BLF\CR.24\06645Goodwin_dwlta