1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10
11

| PATRICK GLEN GOODWIN, | Case No. 24-cv-06645 BLF (PR) |

Plaintiff,

v.

A. GOMEZ, et al.,

Defendants.

**ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK**

18          Plaintiff, a state prisoner, filed the instant civil rights action pursuant to 42 U.S.C. §

19     1983 against prison staff at the Salinas Valley State Prison ("SVSP") where he is currently

20     incarcerated.  Dkt. No. 1.  On February 11, 2025, the Court dismissed the complaint with

21     leave to amend to correct deficiencies with respect to an Eighth Amendment claim for

22     deliberate indifference to serious medical needs against Defendant Sembijwe.  Dkt. No. 12

23     at 3-4.  Plaintiff was advised that if he failed to file an amended complaint within twenty-

24     eight days, the deficient claim would be dismissed with prejudice for failure to state a

25     claim, and the matter would proceed on the other cognizable claims.  *Id.* at 5.  The time to

26     file an amended complaint has passed without a response from Plaintiff.  Accordingly, this

27     matter shall proceed as discussed below.

28     ///

United States District Court
Northern District of California

## DISCUSSION

**A.    <u>Standard of Review</u>**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2).  Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    <u>Plaintiff's Claims</u>**

Based on the allegations in the complaint, the Court found the complaint stated an excessive force claim and a failure to protect claim against the sixteen named correctional officers. *See Hudson v. McMillian,* 503 U.S. 1, 6 (1992); *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995).  Accordingly, this action shall proceed on these two claims as discussed in the Court's initial screening order.  Dkt. No. 12 at 2-3.

Defendant Sembijwe shall be dismissed from this action as Plaintiff has failed to state a cognizable deliberate indifference claim against him.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.    The Clerk shall terminate Defendant A. Sembijwe from this action as there are no cognizable claims against him.

2.    The following Defendants shall be served at Salinas Valley State Prison:

2

United States District Court
Northern District of California

a. **Correctional Officer A. Gomez**

b. **Correctional Officer A. Hidalgo**

c. **Correctional Officer L. Hernandez**

d. **Correctional Officer M. Brito**

e. **Correctional Lt. J. Rodriguez**

f. **Correctional Officer R. Carrillo**

g. **Correctional Officer A. Martinez**

h. **Correctional Officer P. Morales**

i. **Correctional Officer P. Morones**

j. **Correctional Officer G. Gonzalez**

k. **Correctional Officer L. Maciel**

l. **Correctional Officer R. Ruiz**

m. **Correctional Officer B. Rosiles**

n. **Correctional Officer R. Reyes**

o. **Correctional Sgt. J. Perez**

p. **Correctional Officer V. Mora**

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint and any attachments thereto, Dkt. No. 1, the Court's initial screening order, Dkt. No. 12, this order of service, and a CDCR Report of E-Service Waiver form. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to

waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3.      No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

a.      Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

b.      **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under** *Rand v. Rowland***, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).** *See* *Woods v. Carey***, 684 F.3d 934, 940 (9th Cir. 2012).**

4.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and

United States District Court
Northern District of California

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. While conducting discovery, Plaintiff is directed to attempt to ascertain the name of John Doe Defendants, and file a motion to substitute the complaint with these Defendants' proper names **no later than fifty-six (56) days** from the date this order is filed.  Failure to do so will result in the dismissal of the claims against these John Doe Defendants for failure to state a claim for relief.

10. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11. Extensions of time must be filed no later than the deadline sought to be

extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated:  __**April 1, 2025**_____

_____
BETH LABSON FREEMAN
United States District Judge

Order of Service
PRO-SE\BLF\CR.24\06645Goodwin_svc

United States District Court
Northern District of California

6