UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRIK G. GOODWIN,<br>　　　　Plaintiff,<br><br>　　v.<br><br>A. GOMEZ, et al.,<br>　　　　Defendants. | Case No. 24-cv-06645 BLF (PR)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Docket No. 20) |

　　　　Plaintiff, a state prisoner, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 against prison staff at the Salinas Valley State Prison where he is currently incarcerated. Dkt. No. 1. The Court found the complaint stated cognizable claims for excessive force and failure to protect and ordered service on Defendants on April 1, 2025. Dkt. No. 13.

　　　　Plaintiff moves for appointment of counsel based on "mental issues from having developed [A]lzheimer" and a low reading level. Dkt. No. 20 at 1. He attaches a copy of a medical report from the date of the underlying incident (11/27/23), notes from an optometry examination (12/15/23), and an "ADA/Effective Communication Patient Summary" (10/09/23). *Id.* at 2-5.

///

# DISCUSSION

## A. Appointment of Counsel under 28 U.S.C. § 1915

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). Here, Plaintiff's asserted grounds do not establish exceptional circumstances warranting appointment of counsel at this time, and his supporting papers do not establish that he has been diagnosed with Alzheimer and that it has progressed to stage where he is unable to prosecute this action. Accordingly, Plaintiff's request for appointment of counsel is DENIED without prejudice for lack of exceptional circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

## B. Appointment of Guardian Ad Litem under Fed. R. Civ, P. 17(c)

Based on his assertion of mental health issues, the Court will also consider whether Plaintiff warrants appointment of a guardian ad litem under Federal Rule of Civil Procedure 17(c), which provides in relevant part that:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or a guardian ad litem. The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c)(2). The Ninth Circuit has held that when "a substantial question" exists regarding the mental incompetence of a pro se litigant, the district court should conduct a hearing to determine competence so that a guardian ad litem may be appointed if

2

appropriate.  *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005); *Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989).  Other circuits have held that a district court's duty of inquiry under Rule 17(c) is triggered by "verifiable evidence" of incompetence.  *See*, *e.g.*, *Powell v. Symons*, 680 F.3d 301, 307 (3rd Cir. 2012); *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 203 (2d Cir. 2003).

        The Ninth Circuit found a "substantial question" regarding competence where a pro se prisoner litigant submitted a letter from the prison psychiatrist stating that the litigant was under his care, had been diagnosed with schizophrenia, and was taking psychotropic medications, *see Allen*, 408 F.3d at 1152, but it found no substantial question where a pro se litigant merely asserted that the district court should have conducted a competency hearing, *see Day v. Sonoma Cnty.*, 1997 WL 686016, at *2 (9th Cir. Oct. 30, 1997).  The Third Circuit found "verifiable evidence" of incompetence where one co-plaintiff was adjudicated incompetence in a simultaneous criminal proceeding and the other co-plaintiff submitted a letter from a mental health professional.  *See Powell*, 680 F.3d at 308-09.  The Second Circuit has indicated that "verifiable evidence" could take the form of records from a court or public agency or evidence from a mental health professional, but that bizarre behavior, standing alone, is not sufficient to trigger a district court's duty of inquiry under Rule 17(c).  *See Ferrelli*, 323 F.3d at 201-02.

        Plaintiff has failed to submit any evidence of incompetence.  His supporting papers indicate that he was examined for an incident on November 27, 2023, and that he had an optometry examination on December 15, 2023.  Dkt. No. 20 at 2, 4.  Furthermore, the "ADA/Effective Communication Patient Summary" from October 9, 2023, does show that his reading level is "02.0" but otherwise contains no information regarding mental issues.  *Id.* at 5.  These documents regarding Plaintiff's condition from nearly two years ago do not establish that he is currently unable to litigate this matter in *pro se*.  Rather, Plaintiff has shown an ability to articulate his claims in an organized complaint.  Dkt. No. 1.  Lastly, Plaintiff provides no letter from a mental health professional or other "verifiable evidence"

3

of his incompetence to trigger this Court's duty of inquiry.  *See Ferrelli*, 323 F.3d at 201-02.  Accordingly, the Court finds that in the absence of verifiable evidence of incompetence, there is no substantial question regarding Plaintiff's competence and therefore no duty of inquiry.  *See Allen*, 408 F.3d at 1152; *Ferrelli*, 323 F.3d at 201-02.  Plaintiff does not warrant appointment of a guardian ad litem under Rule 17(c).

## CONCLUSION

For the reasons discussed above, Plaintiff's request for appointment of counsel is DENIED.  Dkt. No. 20.

This order terminates Docket No. 20.

**IT IS SO ORDERED.**

**Dated:** September 19, 2025

BETH LABSON FREEMAN
United States District Judge